UNITED STATES of America, Plaintiff—Appellant,

v.

Thomas DEJONG, Defendant—Appellee.

No. 00–10559.

D.C. No. CR–96–00413–RGS.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 5, 2001.

Decided Nov. 16, 2001.

---

Before CANBY, GRABER, and PAEZ, Circuit Judges.

### MEMORANDUM *

A jury acquitted Thomas DeJong of three counts of illegally discharging wastewater in violation of 33 U.S.C. § 1311 of the Clean Water Act. DeJong moved for attorney fees under the Hyde Amendment, 18 U.S.C. § 3006A (notes), and the district court granted the motion. The government appeals the fee award.

■ We review an award of attorney fees under the Hyde Amendment for abuse of discretion, *United States v. Lindberg*, 220 F.3d 1120, 1124 (9th Cir.2000), and will not reverse an award of attorney fees unless we have "a firm conviction that the district court committed a clear error of judgment." *Id.*

■ DeJong concededly meets most of the elements for an award of attorney fees

under the Hyde Amendment. The only disputed legal issue is whether the prosecution of DeJong was "vexatious, frivolous or in bad faith." Pub. L. 105–119 tit. VI, § 617, 111 Stat. 2519 (1997). The parties do not dispute the standard applied by the district court; in fact, the district court applied the more stringent standard urged by the government below and nonetheless found for DeJong. Rather, the parties argue about whether the facts support an award.

The discharges alleged in the indictment were from DeJong's water treatment facility, which was built to control wastewater from his dairy. DeJong constructed the facility from government designs under a cost-sharing program implemented by the Department of Agriculture. DeJong defended the criminal charges largely on the ground that the government's initial designs were inadequate. He also presented evidence that he had corrected the design flaws and that the system in place at the time of trial effectively treated wastewater.

Objectively, the prosecution's case was weak. Although the government presented some live-witness testimony as to discharges, the government was not successful in tying those discharges to the dates alleged in the indictment. On all three counts, DeJong presented strong evidence to contradict the intent required by the statute.

The government relied heavily on the presence of a discharge pipe, and DeJong's attempts to conceal it, as evidence of criminal intent. Government engineering manuals state, however, that such a discharge pipe is necessary for safety reasons. An expert testified at trial that the government's initial plans for the treatment facili-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

ty were seriously flawed and that DeJong's efforts to correct those errors were reasonable. DeJong also presented evidence at trial that a criminal proceeding was not the appropriate way to handle this dispute, and he offered evidence in affidavits supporting his Hyde Amendment motion that the government's prosecution was in bad faith.

DeJong also presented evidence to support the district court's finding of subjective bad faith. One count of the indictment was supported only by the testimony of Ranger Teaford. The district court found that Teaford was motivated by personal animus. Moreover, the government's engineering expert, Leland Hardy, was personally interested in the outcome. Both Leland Hardy and Steve Smarik, another government witness, had participated in designing the wastewater discharge facility at DeJong's Dairy. The district court found that the government knew that its designs were seriously flawed before prosecuting the defendant. Nevertheless, the government proceeded with the prosecution and called Hardy as both a fact witness and an independent expert.

On our review of the whole record, we conclude that the district court did not abuse its discretion in granting DeJong attorney fees. Accordingly, we

AFFIRM.